IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JUAN CARLOS FLORES, #50686-179 | § | |
| | | |
| VS. | § | CIVIL ACTION NO. 4:09cv291 |
| | | CRIMINAL ACTION NO. 4:05cr71(2) |
| | | |
| UNITED STATES OF AMERICA | § | |

ORDER OF DISMISSAL

The above-entitled and numbered civil action was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the motion to vacate, set aside, or correct sentence should be denied and dismissed with prejudice. Movant has filed objections.

In his objections, Movant complains that the Report fails to address the merits of his claims based on the "purported 'waiver' to avoid doing any analysis of the merits of the claims actually made." That is the very essence of a waiver, however. When the Court determines that a movant signed a plea agreement knowingly and voluntarily, as in this case, the waiver contained in his plea agreement applies, and the movant is allowed to raise only the issues that were reserved for review. Specifically, Movant reserved for review these issues: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver itself. This objection is without merit.

Movant next complains that the Government waived the defense of a § 2255 waiver. Movant is simply mistaken. The Government's Response clearly discussed that the waiver in Movant's

knowing and voluntary plea agreement waived relief to the issues he brought in his § 2255 motion. This objection is without merit.

Movant complains that the Government failed to offer an affidavit from Movant's former counsel as to the alleged errors made by him. However, an affidavit from counsel is not necessary when, as here, Movant's issues concerning his representation are barred from review. The only ineffective assistance of claim reserved for review was whether counsel's alleged ineffectiveness affected the validity of the waiver itself. The record was sufficient to determine that Movant's plea was voluntary and knowing; accordingly, the waiver is effective to bar relief except for the two issues reserved for review. Moreover, when the record is clear concerning an allegation, discovery or further supplementation of the record is not necessary, and is in the judge's discretion. *See* Rules 6 and 7*, Rules Governing Section 2255 Proceedings for the United States District Courts*. This objection is without merit.

Movant also objects to the fact that the Report and Recommendation failed to discuss his issue concerning a Speedy Trial Act violation. Movant reserved for review these issues: (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver itself. Issues concerning violations of the Speedy Trial Act were not reserved for review. This issue is barred consideration. This objection is without merit.

Movant next argues that his ineffective assistance of counsel claim concerning his plea agreement was not discussed. Again, he is simply wrong in his assertion. The Report and Recommendation details the various documents that Movant signed claiming that he was completely satisfied with his legal representation. The Magistrate Judge also outlined testimony from his plea hearing in which Movant stated that he was completely satisfied with his legal representation. In facts, he had no complaints "at all." He said that he understood the terms of the plea agreement and

the rights he was waiving. He said that no promises had been made to him or threats made against him that lead him to plead guilty. He said that he was pleading guilty voluntarily, of his own free will, because he is guilty of the crime charged. The plea agreement also contained numerous similar statements, which was signed by Movant. A movant must show that he did not understand the nature of a constitutional protection he was waiving or that he had "such an incomplete understanding of the charges against him that this plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Thus, if a defendant understands the nature of the charges against him and the consequences of his plea, yet voluntarily chooses to plead guilty, the plea must be upheld on federal review. *Diaz v. Martin*, 718 F.2d 1372, 1376-77 (5th Cir. 1983). The Magistrate Judge concluded that Movant's plea agreement was voluntary and knowing. Movant has failed to show that he did not understand the nature of the charges against him and the consequences of his plea. Accordingly, his waiver bars relief.

Movant also complains that the Court did not apply *Missouri v. Frye* in its deliberation. *See* — U.S. —, 132 S Ct. 1399, 182 L. Ed.2d 379 (2012). In *Frye*, the United States Supreme Court held that trial counsel was ineffective for failing to communicate a formal plea offer from the prosecution concerning a plea agreement. That is not the case here. A plea offer from the prosecution was obviously presented in this case as Movant agreed to and signed it. Movant even concedes that, although he rejected the first plea agreement, he then agreed to the second offer. This objection is without merit.

Movant objects that his motion for leave to conduct discovery was not granted. He asserts that further discovery would show that his sentence was enhanced based on statements he made to authorities under a cooperation agreement. However, as has already been stated several times, Movant's waiver contained in his plea agreement barred consideration of such a claim. This is not an issue reserved for review. This objection is without merit.

Additionally, Movant's complaints concerning his sentence and statements he made under a "cooperation agreement" are without merit as well. In the "Defendant's Cooperation" section of his plea agreement, Movant agreed to cooperate with the Government by giving truthful and complete information concerning his participation in the offense and knowledge of criminal activities. The section clearly states that the Government may use statements made by defendant or leads derived from his statements against him in any proceeding. Furthermore, the "Substantial Assistance" section of the plea agreement shows that the Government, "in its sole discretion," will ask for a downward departure if it determines that the defendant provided substantial assistance in the investigation or prosecution of others. As noted in the plea agreement, it is solely the Government's decision as to whether any information gained from Movant constitutes "substantial assistance." It is well-settled that a district court is authorized to depart below the minimum statutory penalty only if the Government files a motion for downward departure that reflects the defendant's substantial assistance. *United States v. Cerverizzo*, 74 F.2d. 629, 633 (5th Cir. 1996). Obviously, the Government did not deem the information gained from Movant as "substantial assistance." This objection is without merit.

In sum, because Movant's plea agreement was knowingly and voluntarily made, the only issues reserved for review were (a) any punishment imposed in excess of the statutory maximum and (b) a claim of ineffective assistance of counsel that affects the validity of this waiver itself. The waiver effectively bars relief on any other claims. The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. Having made a *de novo* review of the objections raised by Movant to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and adopts the same as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the motion to vacate, set aside, or correct sentence is **DENIED** and

Movant's case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. Finally, it is

> **ORDERED** that all motions not previously ruled on are hereby **DENIED**.

So **ORDERED** and **SIGNED** this **17** day of **September, 2012.**

_____
Ron Clark, United States District Judge